Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000191
15-JUN-2018
08:24 AM

NO. CAAP-16-0000191


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES,
SERIES 2006-FRE2, Plaintiff-Appellee,
v.
KOKI NILESH KOTAK, fka KOKI BOGHRA;
NILESH KOTAK, Defendants-Appellants,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
PACCON CONSTRUCTION, INC.; CENTRAL PACIFIC BANK;
TROY CAPITAL, LLC, Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10 and
DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-2490-10)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendants-Appellants Koki Boghra (**Koki**) and Nilesh

Kotak (**Nilesh**) (together, the **Kotaks**) appeal from the Judgment on

Findings of Fact, Conclusions of Law and Order Granting

Plaintiff's Motion for Summary Judgment and Decree of Foreclosure

Against all Defendants on Complaint (**Judgment**), entered on

February 18, 2016, in the Circuit Court of the First Circuit (**Circuit Court**), and in favor of Plaintiff-Appellee U.S. Bank N.A. as Trustee for SG Mortgage Securities Trust 2006-FRE-2, Asset Backed Certificates, Series 2006-FRE2 (**U.S. Bank**)[1] and against all defendants.[2] [JIMS doc. 1] The Kotaks also challenge the Circuit Court's Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment and Decree of Foreclosure Against all Defendants on Complaint, also entered February 18, 2016 (**Foreclosure Decree**).

The Kotaks raise a single point of error on appeal, arguing that the Circuit Court erred in granting U.S. Bank's January 15, 2010 Motion for Summary Judgment and Decree of Foreclosure Against all Defendants on Complaint (**Motion for Summary Judgment**).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve the Kotaks' point of error as follows:

The Kotaks argue that U.S. Bank failed to present any admissible evidence to establish that it had standing to bring this foreclosure action, relying on the Hawai'i Supreme Court's decision in Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017).

---

[1] Pursuant to a September 9, 2015 order, U.S. Bank was substituted for Plaintiff U.S. Bank National Association, as Trustee for SG Mortgage Securities Asset Backed Certificates, Series 2006-FRE2.

[2] The Honorable Bert I. Ayabe presided.

In Reyes-Toledo, the supreme court held that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing or entitlement to enforce the subject note at the time the action was commenced. 139 Hawai'i at 367-71, 390 P.3d at 1254-58. The supreme court stated, *inter alia*, that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the court reasoned, "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise the holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

U.S. Bank asserts that it established standing, arguing that the subject note was authenticated by a declaration of its custodian of record. Accordingly, we address that assertion in light of the supreme court's recent decisions in U.S. Bank, N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017), and Wells Fargo Bank, N.A. v. Behrendt, 142 Hawai'i 37, 414 P.3d 89 (2018).

In <u>Mattos</u>, 140 Hawai'i at 29, 398 P.3d at 618, summary judgment was granted in favor of the foreclosing bank, U.S. Bank. On appeal, the supreme court addressed whether relevant loan documents had been properly admitted through the declaration of an individual named Richard Work (**Work**), as records of regularly conducted activity under Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(6). <u>Id.</u> at 28, 30-33, 398 P.3d at 617, 619-22. In his declaration, Work attested, *inter alia*, that he was a "Contract Management Coordinator" of OCWEN Loan Servicing, LLC (**Ocwen**), the "servicer" for U.S. Bank on the subject loan. <u>Id.</u> at 30-31, 398 P.3d at 619-20. Because Work did not attest that he was the custodian of records for either U.S. Bank or Ocwen, the supreme court noted that "the documents attached to his declaration are admissible under the HRE 803(b)(6) hearsay exception only if he is a 'qualified witness' with respect to those documents." <u>Id.</u> at 32, 398 P.3d at 621. The supreme court applied its analysis in <u>State v. Fitzwater</u>, 122 Hawai'i 354, 365-66, 227 P.3d 520, 531-32 (2010) and ruled as follows:

> To the extent the ICA ruled that Work's declaration established him as a "qualified witness" with respect to Ocwen's records, we agree. To the extent the ICA opinion concluded that Work met the requirements to be a "qualified witness" with respect to U.S. Bank's records, however, we disagree. <u>Fitzwater</u> addresses situations in which one business <u>receives</u> documents created by another business and includes them in its own records. Work's declaration does not indicate that U.S. Bank's Records were received by Ocwen and incorporated into the Ocwen Records. Work's declaration also does not establish that Work is familiar with the record-keeping system of U.S. Bank. Rather, Work merely states that he has access to and is familiar with U.S. Bank's records. Thus Work's declaration does not satisfy

> foundational requirements to make him a "qualified witness"
> for U.S. Bank's records pursuant to Fitzwater.

Id. at 32-33, 398 P.3d at 621-622.

In light of its ruling in Reyes-Toledo, the supreme court in Mattos further held that:

> [s]ince [an] allonge was apparently used to specifically indorse the note to U.S. Bank, admissible evidence was needed to demonstrate that U.S. Bank was in possession of the note and allonge at the time of the filing of this foreclosure complaint for U.S. Bank to be entitled to summary judgment.

Id. at 33, 398 P.3d at 622. The supreme court noted that Work's declaration did not attest that U.S. Bank possessed the original note and allonge when the foreclosure complaint was filed. Id. The supreme court thus ruled that "Work's declaration failed to meet U.S. Bank's burden of establishing facts necessary for a grant of summary judgment." Id.

In Behrendt, 142 Hawai'i at 40, 414 P.3d at 92, summary judgment was granted in favor of the foreclosing bank, Wells Fargo. Wells Fargo had attached a copy of the subject note to its unverified complaint together with an allonge indorsing the note in blank. Id. at 39-40, 414 P.3d at 91-92. The supreme court reviewed the admissibility of these documents under HRE Rule 803(b)(6) through a similar declaration as in Mattos attached to Wells Fargo's motion for summary judgment. Id. at 44-45, 414 P.3d at 96-97. This declaration was made by Vanessa Lewis (Lewis), who was also a "contract management coordinator" for Ocwen, Wells Fargo's loan-service provider. Id. Because Lewis did not attest that she was the custodian of record for either Wells Fargo or Ocwen, the supreme court again observed that the documents attached to her declaration were admissible

5

under HRE Rule 803(b)(6) only if her declaration demonstrated that she was a "qualified witness." <u>Id.</u> at 45, 414 P.3d at 97 (citing <u>Mattos</u>, 140 Hawaiʻi at 32, 398 P.3d at 621). The supreme court stated the rule regarding necessary qualifications to admit incorporated records under <u>Mattos</u> and <u>Fitzwater</u> as follows:

> The court in <u>Mattos</u> held that a witness may be qualified to provide the testimony required by HRE Rule 803(b)(6) even if the witness is not employed by the business that created the document or lacks direct, personal knowledge of how the document was created. "There is no requirement that the records have been prepared by the entity that has custody of them, as long as they were created in the regular course of some entity's business." The witness, however, must have enough familiarity with the record-keeping system of the business that created the record to explain how the record was generated in the ordinary course of business.
> Records received from another business and incorporated into the receiving business' records may in some circumstances be regarded as "created" by the receiving business. Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that the documents were incorporated and kept in the normal course of business, that the incorporating business typically relies upon the accuracy of the contents of the documents, and the circumstances otherwise indicate the trustworthiness of the document.

<u>Id.</u> (citations omitted) (citing and quoting <u>Mattos</u>, 140 Hawaiʻi at 32, 398 P.3d at 621).

In holding that Lewis was not a "qualified witness" under its decision in <u>Mattos</u>, the <u>Behrendt</u> court stated:

> Here, as in <u>Mattos</u>, the Lewis Declaration does not establish that the loan documents were received by Ocwen and then incorporated into Ocwen's records. In addition, although Lewis averred that Ocwen's records relating to the loan were made and maintained in the regular course of Ocwen's business, Lewis asserted only that she had "access to and [was] familiar" with Wells Fargo's <u>records and documents</u> relating to this case. The Lewis Declaration does not establish that Lewis was familiar with Wells Fargo's <u>record-keeping system</u>. It also makes no assertions as to Lewis's familiarity with the record-keeping systems of Funding Group or Option One, which first created the Note and allonges. Thus, the Lewis Declaration satisfies the foundational requirements to make Lewis a qualified witness only with respect to Ocwen's <u>original</u> records about the loan and not any records of Wells Fargo or the loan documents themselves.

> The Lewis Declaration also refers only to the Note and not the allonges that Wells Fargo asserts were used to endorse the Note in blank. As noted, the Lewis Declaration does not establish that Lewis was a qualified witness, and thus she could not have satisfied the requirements of HRE Rule 803(b)(6) with respect to the allonges. But, as with the declaration in Mattos, the Lewis Declaration did not attempt to admit the allonges under the business records exception. Thus, even if the Note fell within the bounds of HRE Rule 803(b)(6), the allonges endorsing it in blank did not because the declaration did not provide the requisite foundation. This is to say that the documents purporting to allow Wells Fargo to enforce the Note were not admissible under the business record exception. Since the documents were not admissible as asserted, Wells Fargo did not meet its burden of establishing facts necessary for a grant of summary judgment.

Id. at 46, 414 P.3d at 98 (citations omitted) (citing Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22).

In the instant case, U.S. Bank filed an unverified complaint on October 23, 2009 (**Complaint**). The Complaint alleged that on April 7, 2006, Koki executed a promissory note in favor of Fremont Investment & Loan (**Fremont**) for $800,000 (**Note**), secured by a mortgage on real property executed by the Kotaks which was recorded on April 7, 2006, in the Bureau of Conveyances (**Mortgage**). U.S. Bank alleged that it was the owner of the Mortgage by virtue of a September 30, 2009 Assignment of Mortgage, that the Kotaks were in default, that U.S. Bank "is also the owner of the Note," and that "[a] true and correct copy of the Note is attached hereto as Exhibit 1."

Attached to the Complaint was, *inter alia*, the Note together with an otherwise blank piece of paper containing an undated indorsement stamp, apparently executed by the Vice

President of Fremont, which appears to specially indorse the Note to U.S. Bank (**Allonge**).[3] [4]

U.S. Bank maintains that it was the holder of the Note, by virtue of a special indorsement to U.S. Bank, at the time it filed the Complaint. U.S. Bank relies on the following: (1) its allegation in the Complaint that "Plaintiff is also the owner of the Note"; (2) the copy of the Note and Allonge attached to the Complaint; (3) a Declaration of Indebtedness executed under penalty of perjury on January 4, 2010, by Herman John Kennerty (**Kennerty**), "Vice President Loan Documentation" for America's Servicing Company, "the servicer for [U.S. Bank]," which was attached to the Motion for Summary Judgment;[5] and (4) a copy of

---

[3] The stamp on the Allonge reads and appears as follows:

U.S. Bank National Association, as trustee
    Pay to the order of
                         without recourse.
    [signature of Michael Koch]
      Fremont Investment & Loan
        Michael Koch
        Vice President

[JROA doc. 45 at 31]

[4] In Mattos, the supreme court noted that an allonge is "a slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." Mattos, 140 Hawaiʻi at 29 n.4, 398 P.3d at 618 n.4 (citation omitted).

[5] Kennerty's Declaration of Indebtedness provided in relevant part as follows:

    1) I have personal knowledge of and am competent to testify to the matters stated herein by virtue of my position as Vice President Loan Documentation of America's Servicing Company, the servicer for Plaintiff US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES, SERIES 2006-FRE2. My personal knowledge is based on my review of the records and files related to the mortgage loan which is the subject of this foreclosure. My duties include serving as the custodian of the records referenced herein.
    2) For value received, Defendant KOKI NILESH KOTAK, fka KOKI BOGHRA, as maker, made, executed and delivered to FREMONT INVESTMENT & LOAN a certain promissory note dated April 7, 2006, for the principal sum of Eight Hundred

(continued...)

the Note and Allonge attached to Kennerty's declaration. U.S. Bank contends that the copy of the Note attached to the Complaint, which "appears to be identical to the copy attached to U.S. Bank's [Motion for Summary Judgment]," was "authenticated by the custodian of records for U.S. Bank's records relating to [the Kotaks'] loan."

However, there is no admissible evidence in the record, including the documents and the Kennerty declaration relied upon by U.S. Bank, showing that U.S. Bank was the holder of the Note *and* the Allonge specially indorsing the Note to U.S. Bank at the initiation of the suit. Here, like in <u>Mattos</u>, Kennerty did not purport to authenticate the Allonge specifically indorsing the Note to U.S. Bank. <u>See</u> <u>Mattos</u>, 140 Hawai'i at 33, 398 P.3d at

---

[5](...continued)
Thousand and 00/100 Dollars ($800,000.00). A true and correct copy of the Note is attached hereto as Exhibit 1.
. . . .
4)    . . . . Plaintiff is also the owner of the Note.
. . . .
8)    All documents, memoranda, reports, records of data compilation (hereinafter collectively "records of acts") that are attached as Exhibits 1-5 to my Declaration, as well as all other factual information contained herein, represent records of regularly conducted activity because:
(1)    The records of acts were and are made in the course of America's Servicing Company's regularly conducted business activity of mortgage lending and mortgage servicing.
(2)    All herein referenced records of acts were and are made at or near the time of the acts reported. Entries into these records are made by me, as well as by persons having personal knowledge of such event, and are reviewed by me from time to time to ensure accuracy and completeness, and are relied upon by Plaintiff in the conduct of its business.
(3)    I am the custodian of all herein referenced records of acts, which records and files are kept by America's Servicing Company in a routine manner in the ordinary course of its business in a filing and computer system that is maintained under my custody and control. Thus, I am qualified to introduce these records and facts into evidence on this motion.

622. Rather, Kennerty stated that he was "the custodian of the records referenced herein," and neither the Allonge, nor any indorsements, were referenced therein.[6] See id. ("Work's declaration refers only to the original note and makes no reference to the allonge. Although Exhibit 1 also contains the allonge, which indorses the note to U.S. Bank, the allonge was never authenticated. Therefore, U.S. Bank was not entitled to summary judgment[.]").

Even in Mattos, where the allonge specially indorsing the note to the forclosing-bank was both (a) dated prior to the filing of the complaint (June 22, 2010) and (b) was filed together with the complaint, the supreme court nonetheless stated that "[e]ven if the aforementioned issues concerning the note and allonge did not exist, Work's declaration also does not satisfy the Reyes-Toledo requirement of an affirmative showing that U.S. Bank possessed the original note and allonge at the time of filing of this foreclosure complaint on July 21, 2011." Id. at 29, 33, 398 P.3d at 618, 622. Like in Mattos, Kennerty's declaration also fails to make an affirmative showing that U.S. Bank possessed the original Note and Allonge at the time of filing of the Complaint on October 23, 2009.

U.S. Bank also notes its attorney's affirmation, which states "to the best of [the attorney's] knowledge, information, and belief" the Complaint contains no false statements and that

---

[6] Kennerty describes the Note as "a certain promissory note dated April 7, 2006, for the principal sum of Eight Hundred Thousand and 00/100 Dollars ($800,000.00) made, executed, and delivered by Koki to Fremont. Kennerty does not mention the Allonge, which was presumably added at a later date.

10

U.S. Bank has standing. However, the attorney's affirmation does not satisfy U.S. Bank's burden to establish standing or entitlement to enforce the subject note at the time the action was commenced. See, e.g., U.S. Bank Trust, N.A. v. Busto, No. CAAP-16-0000334, 2017 WL 2579070 (Haw. App. June 14, 2017) (SDO); Wilmington Sav. Fund Soc'y, FSB v. Yasuda, CAAP-17-0000433, 2018 WL 1904909 (Haw. App. April 23, 2018) (SDO) (including a concurrence explaining that in Behrendt, the supreme court did not give any evidentiary weight to an attorney affirmation filed pursuant to HRS § 667-17). As U.S. Bank raises no other arguments about the sufficiency of its evidence, we conclude that U.S. Bank did not satisfy its burden to produce admissible evidence demonstrating that U.S. Bank was entitled to enforce the Note at the time this action was commenced. See Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22. As such, viewing the facts and inferences in the light most favorable to the Kotaks, as we must for purposes of a summary judgment ruling, there is a genuine issue of material fact as to whether U.S. Bank was entitled to enforce the Note at the time this foreclosure action was commenced. Therefore, the Circuit Court erred in granting U.S. Bank's Motion for Summary Judgment.

For the foregoing reasons, we vacate the Circuit Court's February 18, 2016 Judgment and Foreclosure Decree, and we remand this case for further proceedings.

DATED: Honolulu, Hawaiʻi, June 15, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants.

Edmund K. Saffery,
Lynda L. Arakawa,
(Goodsill Anderson Quinn
 & Stifel),

     and

Steven T. Iwamura,
Robert M. Ehrhorn, Jr.,
Steven Keiji Idemoto,
Ken Ohara,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

12